UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMIE TODD JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 2:13-cv-00189-MMD-NJK<br><br>ORDER<br><br>(Plf.'s Motion to Remand – dkt. no. 8) |

**I.     SUMMARY**

Before the Court is Plaintiff Jamie Todd Jackson's Motion to Remand to State Court. (*See* dkt. no. 8.) For the reasons set forth below, Jackson's Motion is granted.

**II.    BACKGROUND**

On August 13, 2008, Jackson, a Nevada resident, was involved in a motor vehicle accident in Logandale, Nevada, that he alleges caused severe injury to his neck and back. (*See* Compl., dkt. no. 1-1 at ¶ 4.) At the time, Defendant American Family Mutual Insurance Company ("AFMIC"), a Wisconsin corporation, was Jackson's insurer that provided him with underinsured motorist coverage. (*Id.* at ¶ 6.) The at-fault driver was underinsured, which resulted in Jackson receiving a total of $100,000 in compensation — the policy limit of the at-fault driver. (*Id.* at ¶ 7.) According to his Motion, Jackson incurred $42,019 in medical damage as a result of the accident. (*See* dkt. no. 8 at 5:1.) Believing the policy limit payment to have been inadequate to compensate him for his injuries, Jackson submitted a claim with AFMIC. (Compl. at ¶¶ 7-8.) AFMIC offered a

minimal settlement amount to resolve Jackson's underinsured motorist claim, which prompted Jackson to bring this suit.

Jackson filed this action in the District Court of Clark County, Nevada on September 21, 2012, alleging breach of contract and bad faith against AFMIC.  After AFMIC was served with the summons and the Complaint on January 15, 2013, AFMIC timely removed to this Court on February 5, 2013, on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332(a).

Jackson now moves to remand the case, arguing that this Court lacks jurisdiction over the suit.  (*See* dkt. no. 8.)

### III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004).  In considering what

evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on the plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (*citing Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

**IV.   DISCUSSION**

Jackson brings this Motion arguing that AFMIC has not met its burden to demonstrate that the amount-in-controversy in this suit exceeds $75,000. After reviewing AFMIC's bare Statement Concerning Removal and its Response to Jackson's Motion, the Court agrees.

Jackson's Complaint seeks compensatory damages on each claim in excess of $10,000, as well as attorneys' fees, costs, interest, and (in the case of his bad faith claim) punitive damages. (Compl. at 5.) The Complaint does not provide any information as to Jackson's valuation of his claim, and does not indicate how much he believes his underinsured claim is worth. As such, the Court can only assume compensatory damages in excess of $20,000 are at stake, and some unspecified additional amounts to cover fees, costs, and interest.[1]

---

[1] Jackson represented in his Reply that he "is currently dismissing his punitive damage claim." (Dkt. no. 12 at 2:9-10.) Jackson is advised, however, that the propriety of a defendant's removal to federal court depends on the allegations made in the original complaint, not on subsequent amendments that seek to deprive a court of jurisdiction. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th
*(fn. cont…)*

3

AFMIC does not provide any specific fact or argument beyond speculation as to the worth of Jackson's claims. Indeed, AFMIC concedes that "Plaintiff's causes of action are based upon a contract claim in which there are no measurable or objective damages." (Dkt. no. 11 at 2.) It is precisely the lack of measurable or objective indication of damages that precludes an exercise of diversity jurisdiction. "By crediting speculative estimates of the amount in controversy," AFMIC "ignore[s] the 'strong presumption' against removal jurisdiction." *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1129 (C.D. Cal. 2010) (citations omitted).

AFMIC makes much of Jackson's admission that his medical damages were roughly $42,000. Alleging that it is "not uncommon for a plaintiff to recover three times his medical specials," AFMIC divines, without any legal or factual basis, the conclusion that Jackson will likely seek a total of $126,000 in medical damages. (Dkt. no. 11 at 3.) But this amount represents monetary costs incurred for Jackson's *total* medical injuries, some of which were satisfied by the settlement with the at-fault driver's insurer. AFMIC does not demonstrate that the *uncompensated* damages that Jackson seeks against it exceed $75,000, as they must in order to satisfy § 1332(a).[2] AFMIC's citations to cases involving similar types of claims are unavailing, since the Court cannot adequately compare the facts of those cases to the sparse allegations presented in Jackson's Complaint. In the absence of evidence from the face of the Complaint that the amount-in-controversy exceeds $75,000, and without any evidence concerning the damages Jackson seeks to recover against AFMIC, the Court declines to exercise jurisdiction over this case.

///

///

---

*(…fn. cont.)*
Cir.1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.").

[2] Indeed, AFMIC appears to have valued Jackson's underinsured claim at merely $5,000, an offer which precipitated Jackson's suit. (*See* dkt. no. 8-1.)

4

**V.    CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff Jamie Todd Jackson's Motion to Remand (dkt. no. 8) is GRANTED, and the case REMANDED.

The Clerk of the Court is instructed to close the case.

DATED THIS 5th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE